Electronically Filed
6/2/2017 5:43:44 PM
Lois Rogers, Smith County District Clerk
Reviewed By: Marilu Martinez

17-1248-B

CAUSE NO.: _____

| | | |
|---|---|---|
| **PEGGY WOLFORD,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **GBT US, LLC doing business as** | § | |
| **GLOBAL BUSINESS TRAVEL US,** | § | |
| **LLC,** | § | |
| | § | **SMITH COUNTY, TEXAS** |
| **Defendant.** | § | |

## PLAINTIFF PEGGY WOLFORD'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff PEGGY WOLFORD (hereinafter "Plaintiff") complaining of and about Defendant GBT US, LLC doing business as GLOBAL BUSINESS TRAVEL US, LLC. (Hereinafter "Defendant" or "GBT"), and alleges as follows:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiff intends to conduct discovery under Level Two, as described in Rule 190.3 of the Texas Rules of Civil Procedure. However, Plaintiff reserves the right to move this Court to enter a discovery control plan in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

### II.   PARTIES AND SERVICE

2.   Plaintiff PEGGY WOLFORD is a citizen of the State of Texas, and resides in Canton, Van Zandt County, Texas.

3.   Defendant GBT US, LLC doing business as GLOBAL BUSINESS TRAVEL US, LLC is a foreign limited liability company that is conducting business in Smith County, Texas.

Defendant may be served with process through its registered agent, CT CORPORATION SYSTEM, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.     At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of Defendant.

### III.     JURISDICTION AND VENUE

5.     This Court has jurisdiction of this action, as this case arises under provisions within Title 21 of the Texas Labor Code, which is codified in the Texas Labor Code § 21.001 et seq. (hereinafter "Title 21"); and, damages are within the jurisdictional requirements of this Court and will continue to increase as this case proceeds to trial. Moreover, venue is proper in Smith County, Texas, pursuant to the Texas Civil Practice and Remedies Code § 15.002, as all or a substantial part of the events or omissions giving rise to this claim occurred in this county.

### IV.     NATURE OF THE ACTION

6.     This is an action brought pursuant to Title 21 of the Texas Labor Code to correct and recover for Defendant's unlawful employment practices, including discriminating and retaliating against Plaintiff because of her disability when Plaintiff engaged in protected activities, which violated provisions of the Texas Labor Code.

### V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.     Plaintiff has exhausted her administrative remedies. On April 4, 2016, Plaintiff filed her dual charge of disability discrimination and discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") and the Texas Workforce Commission – Civil Rights Division (hereinafter "TWC"), which was Charge No.: 450-2016-02246. On December 28, 2016, Plaintiff received the EEOC's Notice of Right to Sue (which

was dated December 22, 2016). As such, Plaintiff now files this lawsuit within two (2) years of the filing of her dual charge of discrimination and retaliation with the EEOC and the TWC. Thus, Plaintiff has timely filed this lawsuit and complied with the exhaustion requirements of the Texas Labor Code.

## VI.   FACTUAL BACKGROUND

8.    Plaintiff began working for Defendant on June 1, 2015. During her tenure as an Emergency Afterhours Travel Counselor II, Plaintiff demonstrated her superior skill and work ethic by performing her job duties well on a daily basis.

9.    During Plaintiff's employment with Defendant, Plaintiff suffered from chronic sinusitis, acute maxillary sinusitis, and a deviated septum, which caused frequent sinus infections, headaches, facial pain, and severe tooth pain. These health issues, which are disabilities, also made it difficult for Plaintiff to breathe, sleep, and concentrate. Thus, Plaintiff's disabilities affected her ability to perform major life activities.

10.    By September of 2015, Plaintiff's sinus issues had become such a problem that she needed to have surgery. Accordingly, on September 11, 2015, Plaintiff requested a leave of absence for the surgery, which was scheduled for October 15, 2015. Specifically, Plaintiff sent an e-mail to Donna Carter, who was a Leave of Absence Specialist in Defendant's Human Resources Department. The next day, in response, Ms. Carter stated that Plaintiff needed to request medical leave through Defendant's Workday Program. As such, Plaintiff did so.

11.    Several days later, Plaintiff received an e-mail from Defendant, which explained the steps that she needed to take to apply for a medical leave of absence. Thus, Plaintiff followed those directions. And, by October 1, 2015, Plaintiff had provided Ms. Carter the medical documentation from her treating physician, Dr. Monica Hardee. Ms. Carter's only response to

Plaintiff was that they needed to "talk". Therefore, Plaintiff called and e-mailed Ms. Carter numerous times over the next two (2) weeks. However, Ms. Carter did not respond to Plaintiff. By October 12, 2015, Plaintiff had grown very concerned about the situation and left Ms. Carter another voicemail. Ms. Carter finally called Plaintiff back on October 13, 2015. While Ms. Carter initially told Plaintiff that she had not received Plaintiff's medical documentation, Ms. Carter said that she found it (after she looked through her e-mails again). After reviewing the medical documentation, Ms. Carter advised Plaintiff that there was a problem on the fourth (4th) page of the documents because her doctor had not listed the medical diagnosis codes. As a result, on October 14, 2015, Plaintiff had to rush to Dr. Hardee's office to have the codes added to the document. Thereafter, Plaintiff e-mailed Ms. Carter the revised documents. At that point, Ms. Carter verbally authorized Plaintiff's medical leave of absence so that Plaintiff could take the time off for her surgery, which was scheduled for the following day.

12.     On November 6, 2015, Plaintiff informed Ms. Carter, via e-mail, that she needed an additional three (3) weeks of leave because she experienced complications with her surgery. In that same e-mail, Plaintiff also asked Ms. Carter if she needed to provide Defendant with any additional medical documentation. Ms. Carter did not respond to Plaintiff's e-mail. Then, on November 16, 2015, Ms. Carter called Plaintiff to inform her that she needed to immediately return to work because her medical leave of absence was not approved. Plaintiff explained that she would not have had the surgery unless Ms. Carter had told Plaintiff that her leave was approved; and, unfortunately, Plaintiff did not have medical clearance to return to work at that point in time.

13.     On or about November 20, 2015, Plaintiff called Defendant's Human Resources Department regarding her benefit enrollment for 2016. The representative that Plaintiff spoke to told her that the system showed that Plaintiff was on leave with a tentative return date of

December 1, 2015. On November 23, 2015, Tracey-Ann Edwards, who was a Hiring Manager, called Plaintiff to ask her why she resigned. In response, Plaintiff explained the situation to Ms. Edwards, wherein Plaintiff told Ms. Edwards that she never resigned. As such, Ms. Edwards agreed to investigate the situation.

14.     Since Plaintiff had not heard back from Ms. Edwards, she called Defendant's Human Resources Department to follow-up on the last conversation that Plaintiff had with Ms. Edwards. On December 2, 2015, Amanda Shirk (who is one of Defendant's Employee Relations Representatives) returned Plaintiff's telephone call to tell Plaintiff that her employment had been terminated. When Plaintiff explained that she was out on a medical leave of absence, Ms. Shirk said that Ms. Carter stated otherwise to her. Thus, Plaintiff then forwarded Ms. Shirk the e-mails and telephone records of the telephone calls between herself and Ms. Carter. On December 21, 2015, Ms. Shirk called Plaintiff to tell her that Defendant denied the fact that Plaintiff was out on a medical leave of absence when Defendant terminated her employment. Thereafter, Ms. Shirk stated that Defendant's decision to terminate Plaintiff's employment was its final decision.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION – DISABILITY DISCRIMINATION

#### (in violation of the Texas Labor Code § 21.051)

15.     Plaintiff hereby incorporates by reference the allegations contained in the above-identified paragraphs as though fully stated herein.

16.     Plaintiff was a qualified individual within the meaning of Chapter 21 of the Texas Labor Code.

17.     Defendant was an "employer" and a covered entity under § 21.002(8) of the Texas Labor Code. And, Plaintiff was an employee of Defendant under § 21.002(7) of the Texas Labor Code.

18.     As set forth above, Plaintiff suffered from a disability that substantially limited at least one (1) major life activity, as set forth within §§ 21.002(6) and 21.002(11-a) of the Texas Labor Code.

19.     Defendant regarded and or perceived Plaintiff as having a disability within the meaning of § 21.002(12-a) of the Texas Labor Code.

20.     Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability (despite the fact that Plaintiff was qualified for her position). Defendant discriminated against Plaintiff on the basis of her disability and or the perception of her disability in connection with compensation, terms, conditions of employment, privileges of employment, and segregated and or classified Plaintiff in a manner that would deprive and or tend to deprive Plaintiff of an employment opportunity and or adversely affect Plaintiff's employment status because of Plaintiff's disability, in violation of § 21.051 of the Texas Labor Code. Specifically, eventually, Defendant terminated Plaintiff's employment.

21.     As a result of Defendant's discrimination, Plaintiff was damaged.

## SECOND CAUSE OF ACTION – RETALIATION

### (in violation of the Texas Labor Code § 21.055)

22.     Plaintiff hereby incorporates by reference the allegations contained in the above-identified paragraphs as though fully stated herein.

23.     Under Texas Labor Code § 21.055, it is illegal for an employer to retaliate or

discriminate against a person that opposes a discriminatory practice.

24.     As stated above, Plaintiff complained to Defendant about the disability discrimination that she was facing while she was employed by Defendant.  However, Defendant intentionally retaliated against Plaintiff by terminating Plaintiff after she complained about the disability discrimination.  Defendant's retaliatory action for the protected activity that Plaintiff engaged in was in violation of Texas Labor Code § 21.055.

25.     As a result of Defendant's intentional retaliation, Plaintiff was damaged.

## VIII.  DAMAGES

26.     As a result of Defendant's actions and or omissions described above, Plaintiff sustained and seeks the following damages:

      a.     Compensatory damages, including (but not limited to) back pay;

      b.      Punitive damages;

      c.     Equitable relief, including (but not limited to) reinstatement to Plaintiff's former employment position with Defendant;

      d.     Injunctive relief;

      e.     Attorneys' fees;

      f.     Costs incurred as a result of this lawsuit;

      g.     Pre-judgment interest;

      h.     Post-judgment interest; and

      i.     All other relief to which Plaintiff is entitled.

27.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks monetary relief over $200,000.00, but not more than $1,000,000.00, as well as non-monetary relief.  Among the relief Plaintiff is seeking includes (but is not limited to) attorneys' fees, costs, pre-judgment interest, and post-judgment.  Plaintiff also seeks a demand for judgment for all the

other relief to which Plaintiff deems herself entitled. The damages being sought by Plaintiff are within the jurisdictional limits of the court. Plaintiff further requests that the non-expedited rules apply in this case.

### IX. JURY DEMAND

28.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### X. REQUEST FOR DISCLOSURE

29.     Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### XI. PRAYER

30.     For the reasons set forth above, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for all damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, attorneys' fees, court costs, and such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted,



kennard
richard P.C.

Lance Blankenship
Texas Bar No.: 24040534
Davina Bloom
Texas Bar No.: 24091586
2603 Augusta Dr., Suite 1450
Houston, Texas 77057
Main: (713) 742-0900
Fax: (713) 742-0951
E-Mail: Lance.Blankenship@kennardlaw.com

Davina.Bloom@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**